IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EPIC SYSTEMS CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 14-CV-666 |
| POLARIS MANAGEMENT, INC., | § § | **TRIAL BY JURY DEMANDED** |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Epic Systems Corporation ("Epic"), by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendant Polaris Management, Inc. as follows:

### THE PARTIES

1.      Epic is a Wisconsin corporation with its principal place of business located at 1979 Milky Way in Verona, Wisconsin 53593.

2.      Upon information and belief, Polaris Management, Inc. is a Rhode Island corporation with its principal place of business located at 1150 New London Avenue, Suite 20 in Cranston, Rhode Island 02920.

3.      Upon information and belief, Polaris Management, Inc. operates under the name Polaris Medical Management, Inc.  According to its website, www.polarismedical.com, Polaris Medical Management, Inc. may be contacted at the same address at which Polaris Management, Inc. is principally located.

4.      Upon information and belief, Polaris Medical Management, Inc. is not registered as a corporate entity with the State of Rhode Island.  A search for "Polaris Medical

Management" in the State of Rhode Island's online corporate database yields no results.
Hereinafter, Epic will refer to Polaris Management, Inc. and Polaris Medical Management, Inc.
collectively as "Polaris Medical."

<b><u>JURISDICTION AND VENUE</u></b>

5.      This is an action for federal trademark infringement and false designation of
origin arising under Title 15 of the United States Code and for trademark infringement under
Wisconsin common law.

6.      This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §§ 1331 and 1338(a).

7.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332
because there is complete diversity of the parties, and the amount in controversy exceeds
$75,000, exclusive of interest and costs.

8.      This Court has supplemental jurisdiction over all state law claims under 28 U.S.C.
§ 1367(a).

9.      This Court has personal jurisdiction over Polaris Medical because Polaris Medical
engages in substantial business within the State of Wisconsin and within the Western District of
Wisconsin.  Polaris Medical has caused and is causing injury and damages within Wisconsin and
this judicial district by committing infringing acts within Wisconsin and this judicial district
and/or as a result of committing infringing acts outside of Wisconsin and this judicial district
while its products and services are solicited to and/or used by consumers within Wisconsin and
this judicial district.

10.     Venue in the Western District of Wisconsin is proper under 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

11.     Epic is a leading developer and provider of healthcare information systems, including electronic medical records software.

12.     Epic markets and licenses database management systems, computer programs, and accompanying user manuals for use by healthcare organizations throughout the United States.  Epic's MyChart application is an integral aspect of Epic's electronic medical records software.  Epic's MyChart application allows patients to, *inter alia*, view their medical charts, schedule appointments, obtain test results, and pay medical bills.

13.     Epic is the owner of the trademark MYCHART, U.S. Registration No. 2,574,214, and all rights associated therewith, for use in connection with "[c]omputer software used to access patient medical, educational, and transactional information on a global computer network, for use in the health care field, and user manuals, sold as a unit" in International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the United States Patent and Trademark Office ("PTO") on May 28, 2002.

14.     Epic has been using its MYCHART mark in connection with the marketing and sale of computer software and accompanying documentation for use in the healthcare field since at least as early as May 1, 2000.

15.     U.S. Registration No. 2,574,214 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

16.     Epic is the owner of the trademark EPIC, U.S. Registration No. 1,791,373, and all rights associated therewith, for use in connection with "computer programs and accompanying users' manuals sold as a unit for the health care and public health fields" in International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the PTO on September 7, 1993.

17.     Epic has been using its EPIC mark in connection with the marketing and sale of computer software and accompanying documentation for use in the healthcare field since at least as early as February 1980.

18.     U.S. Registration No. 1,791,373 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

19.     Epic is the owner of the trademark EPIC, U.S. Registration No. 4,206,061, and all rights associated therewith, for use in connection with "[d]esign and development of computer software for use in the healthcare field; implementation and maintenance of computer software for use in the healthcare field; technical support, namely, troubleshooting of computer software problems relative to software used by healthcare organizations; consulting services on the subject of design, implementation, operation, maintenance and troubleshooting of computer software used by healthcare organizations" in International Class 42 and U.S. Classes 100 and 101, registered in the PTO on September 11, 2012.

20.     Epic has been using its EPIC mark in connection with the design, development, implementation, and maintenance of computer software for use in the healthcare field since at least as early as February 1, 1979.

21.     U.S. Registration No. 4,206,061 is valid and subsisting.

22.     Epic is the owner of the trademark EPICCARE, U.S. Registration No. 1,925,126, and all rights associated therewith, for use in connection with "computer programs and accompanying manuals sold as a unit for use by healthcare providers to access and maintain medical records" in International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the PTO on October 10, 1995.

-4-

23.     Epic has been using its EPICCARE mark in connection with the marketing and sale of computer software and accompanying documentation for use by healthcare providers since at least as early as November 25, 1993.

24.     U.S. Registration No. 1,925,126 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

25.     Epic is the owner of the trademark EPICENTER, U.S. Registration No. 2,246,406, and all rights associated therewith, for use in connection with "computer programs and accompanying user manuals sold as a unit for use in the health care industry for master patient indexing, and for coordinating, linking, indexing, accessing or integrating clinical, health care or related data among, across, from or to similar or disparate computer systems" in International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the PTO on May 18, 1999.

26.     Epic has been using its EPICENTER mark in connection with the marketing and sale of computer software and accompanying documentation for use in the healthcare industry since at least as early as April 1998.

27.     U.S. Registration No. 2,246,406 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

28.     Epic is the owner of the trademark EPICWEB, U.S. Registration No. 2,406,751, and all rights associated therewith, for use in connection with "computer software and accompanying manuals sold as a unit for use in the healthcare field, namely, providing remote access to healthcare systems, including, medical records, patient accounting, scheduling, managed care, admissions, discharge, and transfer, laboratory, and medical data repository" in

International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the PTO on November 21, 2000.

29.     Epic has been using its EPICWEB mark in connection with the marketing and sale of computer software and accompanying documentation for use in the healthcare field since at least as early as October 15, 1998.

30.     U.S. Registration No. 2,406,751 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

31.     Epic is the owner of the trademark EPICLINK, U.S. Registration No. 2,567,678, and all rights associated therewith, for use in connection with "computer software and accompanying manuals sold as a unit for use in the healthcare field, namely, providing remote access to health care systems, including, medical records, patient accounting, scheduling, managed care, admissions, discharge, and transfer, laboratory, and medical data repository" in International Class 9 and U.S. Classes 21, 23, 26, 36, and 38, registered in the PTO on May 7, 2002.

32.     Epic has been using its EPICLINK mark in connection with the marketing and sale of computer software and accompanying documentation for use in the healthcare field since at least as early as November 17, 2000.

33.     U.S. Registration No. 2,567,678 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

34.     Epic is the owner of the trademark EPIC EARTH, U.S. Registration No. 4,460,048, and all rights associated therewith, for use in connection with "[c]omputer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking services in

-6-

the field of healthcare and medicine" in International Class 42 and U.S. Classes 100 and 101, registered in the PTO on December 31, 2013.

35.     Epic has been using its EPIC EARTH mark in connection with computer services in the healthcare field since at least as early as September 21, 2009.

36.     U.S. Registration No. 4,460,048 is valid and subsisting.

37.     Pursuant to 15 U.S.C. § 1115, federal registration of the foregoing MYCHART, EPIC, EPICCARE, EPICENTER, EPICWEB, EPICLINK, and EPIC EARTH marks (collectively, "Epic's Family of Marks") and the incontestability of U.S. Registration Nos. 2,574,214, 1,791,373, 1,925,126, 2,246,406, 2,406,751, and 2,567,678 constitute conclusive evidence of Epic's exclusive right to use the marks in connection with computer software and accompanying documentation for use in the healthcare field.

38.     Epic has expended considerable money, time, and effort in promoting and popularizing Epic's Family of Marks and in preserving the goodwill associated therewith.  As a result, Epic's Family of Marks is extremely valuable to Epic.

39.     Due to their widespread, extensive, and continuous use, the Epic name and Epic's Family of Marks have acquired a high degree of fame and recognition, particularly among those licensing and/or using computer software in the healthcare field.

40.     Epic maintains strict quality control standards for its healthcare information systems, including its electronic medical records software.

41.     Epic's Family of Marks is entitled to immediate and extensive protection from unfair competition, infringement, and injury.

42.     Upon information and belief, Polaris Medical is in the business of developing and providing electronic medical records software to the healthcare industry.

QB\310265.00236\30064995.1

43.     Without Epic's consent, Polaris Medical is using the mark EPICHART in commerce in this judicial district and throughout the United States in connection with the marketing and sale of electronic medical records software in the healthcare field, including by registering and utilizing the domain name of "epichart.com," advertising its "EpiChart 6.0" product online as "a Primary Care Centric EHR [Electronic Health Record]," and distributing marketing materials at national healthcare information technology conferences.

44.     Upon information and belief, Polaris Medical began using the EPICHART mark in connection with the marketing and sale of electronic medical records software in the healthcare field in or around 2003.

45.     Epic's rights in Epic's Family of Marks are superior to any rights Polaris Medical may have in the EPICHART mark.

46.     Pursuant to 15 U.S.C. § 1111, Epic has provided notice of the registration of Epic's Family of Marks.

## COUNT I
### Federal Trademark Infringement

47.     Epic realleges and incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48.     Polaris Medical's EPICHART mark so resembles Epic's Family of Marks as to be likely to cause confusion or mistake and/or to deceive.

49.     Polaris Medical's EPICHART mark is similar in appearance, sound, connotation, and commercial impression to Epic's Family of Marks.

50.     Epic and Polaris Medical operate in the same channels of trade, and Polaris Medical uses the EPICHART mark in connection with the marketing and sale of software and services identical to those with which Epic uses Epic's Family of Marks.

QB\310265.00236\30064995.1

51.     By reason of the foregoing, consumers familiar with Epic's Family of Marks who encounter Polaris Medical's EPICHART mark are likely to be confused or deceived as to the source of Polaris Medical's software and services and/or are likely to mistakenly believe that Polaris Medical's use of the EPICHART mark is authorized by or affiliated with Epic, all to the profit of Polaris Medical and to the detriment of Epic, the healthcare industry, and the public.

52.     Polaris Medical's use of the EPICHART mark has caused actual confusion among consumers.

53.     Polaris Medical's use of the EPICHART mark infringes Epic's rights in Epic's Family of Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

54.     Polaris Medical's infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Epic's reputation, goodwill, and sales for which Epic cannot be adequately compensated by a monetary award.

55.     Upon information and belief, Polaris Medical's infringing acts have been intentional, willful, and in reckless disregard of Epic's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
### False Designation of Origin

56.     Epic realleges and incorporates by reference paragraphs 1 through 55 above as if fully set forth herein.

57.     Polaris Medical's use of the EPICHART mark constitutes a false designation of origin under 15 U.S.C. § 1125(a) that has caused and is likely to cause confusion or mistake as to the source of Polaris Medical's software and/or is likely to deceive customers, prospective customers, and end-users into believing that Polaris Medical's software and services are

-9-

associated with Epic and consequently has diverted and is likely to divert customers away from Epic.

58.     Epic has no control over the nature or quality of Polaris Medical's software and services.  Any failure, neglect, or default by Polaris Medical in the provision or administration of the same will reflect adversely on Epic as the believed source of origin thereof.

59.     Polaris Medical's unlawful and unauthorized use of the confusingly similar EPICHART mark in connection with the marketing and sale of goods and services in direct competition with Epic expressly or implicitly misrepresents that the goods and services are created or authorized by Epic, all to the profit of Polaris Medical and to the detriment of Epic, the healthcare industry, and the public.

60.     Polaris Medical's acts in violation of 15 U.S.C. § 1125(a) have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Epic's reputation, goodwill, and sales for which Epic cannot be adequately compensated by a monetary award.

## COUNT III
### Common Law Trademark Infringement

61.     Epic realleges and incorporates by reference paragraphs 1 through 60 above as if fully set forth herein.

62.     In addition to the rights of federal registration, Epic has acquired common law rights in and to Epic's Family of Marks when used in connection with computer software and accompanying documentation for use in the healthcare field.

63.     Polaris Medical's EPICHART mark so resembles Epic's Family of Marks as to be likely to cause confusion or mistake and/or to deceive.

64.     Polaris Medical's EPICHART mark is similar in appearance, sound, connotation, and commercial impression to Epic's Family of Marks.

65.     Epic and Polaris Medical operate in the same channels of trade, and Polaris Medical uses the EPICHART mark in connection with the marketing and sale of software and services identical to those with which Epic uses Epic's Family of Marks.

66.     By reason of the foregoing, consumers familiar with Epic's Family of Marks who encounter Polaris Medical's EPICHART mark are likely to be confused or deceived as to the source of Polaris Medical's software and services and/or are likely to mistakenly believe that Polaris Medical's use of the EPICHART mark is authorized by or affiliated with Epic, all to the profit of Polaris Medical and to the detriment of Epic, the healthcare industry, and the public.

67.     Polaris Medical's use of the EPICHART mark has caused actual confusion among consumers.

68.     Polaris Medical's use of the EPICHART mark infringes Epic's rights in Epic's Family of Marks in violation of Wisconsin common law.

69.     Polaris Medical's infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Epic's reputation, goodwill, and sales for which Epic cannot be adequately compensated by a monetary award.

## PRAYER FOR RELIEF

WHEREFORE, Epic respectfully requests relief from this Court as follows:

a.      A judgment that Polaris Medical has infringed and is infringing Epic's rights in Epic's Family of Marks in violation of 15 U.S.C. § 1114;

b.      A judgment that Polaris Medical's use of the EPICHART mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a);

-11-

c.      A judgment that Polaris Medical has infringed and is infringing Epic's rights in Epic's Family of Marks in violation of Wisconsin common law;

d.      An injunction that temporarily and permanently enjoins Polaris Medical, including its officers, agents, employees, and representatives, and those acting in privity and/or concert therewith, from further infringement of Epic's Family of Marks;

e.      An order that Polaris Medical must immediately transfer to Epic the domain name of "epichart.com";

f.      An award of damages to Epic that is adequate to compensate Epic for Polaris Medical's infringement of Epic's Family of Marks and that is trebled, together with pre- and post-judgment interest and costs;

g.      A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs to Epic pursuant to 15 U.S.C. § 1117; and

h.      Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Epic demands a trial by jury on all issues properly tried thereto.

Dated this 30th day of September, 2014.

_/s/ Anthony A. Tomaselli_

Anthony A. Tomaselli
aat@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
Stacy A. Alexejun
stacy.alexejun@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: 608.251.5000
Fax: 608.251.9166

***Attorneys for Plaintiff Epic Systems Corporation***

-13-